IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLI FEGHOUL,<br><br>   Petitioner,<br><br>  v.<br><br>GEORGE W. BUSH,<br>  President of the United States,<br>  *et al.*,<br><br>   Respondents. | Civil Action No. 06-CV-0618 (RWR) |
| ABBAS ABID RUMI,<br><br>   Petitioner,<br><br>  v.<br><br>GEORGE W. BUSH,<br>  President of the United States,<br>  *et al.*,<br><br>   Respondents. | Civil Action No. 06-CV-0619 (RJL) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION TO COMPEL PRODUCTION OF
<u>FACTUAL RETURNS AND FOR ENTRY OF PROTECTIVE ORDERS</u>**

  Respondents hereby oppose petitioner's motion to compel production of factual returns and entry of protective orders in the above-captioned petitions for writ of habeas corpus, which were filed in this Court after the enactment of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (2005) ("the Act").[1]

---

 [1] Counsel from the Federal Public Defender's Office, who have entered an appearance on behalf of petitioners in these cases, claim that they were "appointed" to represent petitioners Feghoul and Rumi, whose petitions were submitted to the district court on a <u>pro se</u> basis. <u>See</u>

The Court should dismiss the above-captioned petitions for want of jurisdiction as compelled by the Act, which withdraws the district court's jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought by or on behalf of aliens detained by the Department of Defense at Guantanamo Bay. See Act, § 1005(e)(1); Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit in Feghoul v. Bush, No. 06-CV-0618 (RWR) ("Resps' Mot. to Dismiss or Transfer"), at 3-4.¹ In the alternative, pursuant to 28 U.S.C. § 1631, which permits a court to transfer a case to another forum to cure a want of jurisdiction "in the interest of justice," this Court should transfer the above-captioned petitions to the United States Court of Appeals for the District of Columbia Circuit, in which the Act has vested exclusive jurisdiction to review the validity of petitioners' detention. See Act, § 1005(e)(2); Resps' Mot. to Dismiss or Transfer at 5-7. Given the Act's withdrawal of this Court's jurisdiction and investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over these cases, for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act

---

¹ Feghoul Mot. at 2 ("On August 7, 2006, undersigned counsel was appointed by the Court to represent Petition in these habeas proceedings."). Respondents have not yet received an Order or other notification by the Court that confirms this appointment, however.

2

precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). Entry of the Protective Order and requiring the submission of factual returns would require an assertion of jurisdiction and authority in these cases inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

    Respondents note that the above-captioned petitions, although filed in the district court after the enactment of the Detainee Treatment Act, appear to have been mailed to the court by

petitioners prior to its enactment.  See Feghoul Petition at 2; Rumi Petition at 2.  In Hamdan v. Rumsfeld, 548 U.S. ___, 126 S. Ct. 2749 (2006), the Supreme Court held that section 1005(e)(1) of the Act, which repeals habeas jurisdiction, does not apply to petitions that were pending in court when the Act was enacted, 126 S. Ct. at 3769 n. 15, but that sections 1005(e)(2) and 1005(e)(3), which provide for exclusive review in the D.C. Circuit of claims challenging final CSRT or military commission decision, do apply to pending petitions, id. at 2764, 2769.  Thus, regardless of whether the date of filing of the petitions is considered controlling for purposes of implementation of the Act, because section 1005(e)(2) of the Act is, by its terms, applicable to pending cases, the district court may no longer exercise jurisdiction over these cases even if consideration is afforded to the date on which petitioners purportedly mailed the petitions to the court as opposed to when they were filed.  Nevertheless, to the extent that the mailing date is given consideration with respect to the implementation of the Act, given that the impact of the Hamdan decision on the effect of the Act on the Guantanamo habeas cases pending in district court is currently under consideration by the D.C. Circuit,[2] a stay of all proceedings in these cases, including with respect to entry of the protective order and submission of factual returns, is appropriate until the D.C. Circuit resolves this issue.[3]

---

[2] Supplemental briefing on this issue was completed on August 15, 2006.

[3] In addition, a stay of proceedings remains appropriate for the separate and independent reason that the substantive issues in these Guantanamo detainee habeas cases, including whether petitioners have constitutional due process rights and, if so, whether the Combatant Status Review Tribunals satisfy any such rights, as well as the type of proceedings to which petitioners may be entitled should the cases proceed in District Court, remain under consideration by the Court of Appeals.  The issues were briefed and argued before the Court of Appeals prior to enactment of the Detainee Treatment Act.

In addition, notwithstanding the significant jurisdictional issues presented by the Act, the Court should not require the production and submission of factual returns in these cases because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task.  As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure remains pending before the Court of Appeals.  Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders.  Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel.  Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.  For these reasons, as well as the outstanding jurisdictional issues which will be addressed by the Court of Appeals, presumably in the coming weeks, respondents object to production of factual returns in the above-captioned cases.[4]

---

[4] Petitioners' contention that factual returns are necessary so that "the status of non enemy combatants . . . [may] . . . come to light," see Feghoul Mot. at 4, is not accurate.  All remaining detainees at Guantanamo Bay classified as no longer enemy combatants already have habeas petitions pending in this Court.  See El-Mashad v. Bush, No. 05-CV-0270 (JR) (petitioner Alladeen); Zakirjan v. Bush, No. 05-CV-2053 (HHK); Muhammed v. Bush, No. 05-CV-2087 (RMC).  Petitioners Feghoul and Rumi, on the other hand, have been determined to be properly classified as enemy combatants by the Combatant Status Review Tribunal and, thus, are lawfully

\*\*\*

For the reasons stated, petitioners' motions to compel production of factual returns and for entry of protective orders should be denied.

Dated: August 24, 2006
Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

subject to detention.