IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABBAS ABID RUMI,** | : | |
| Guantanamo Bay Naval Station, | : | |
| Guantanamo Bay, Cuba | : | CIVIL ACTION |
| Petitioner | : | (HABEAS CORPUS) |
| | : | |
| V. | : | |
| | : | No:   06-CV-00619 (RJL) |
| **GEORGE W. BUSH, et. al.** | : | |
| President of the United States | : | |
| The White House | : | JUDGE RICHARD J. LEON |
| 1600 Pennsylvania Avenue, N.W. | : | |
| Washington, D.C. 20500; | : | |
| | : | |

**PETITIONER'S REPLY TO RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION TO COMPEL
PRODUCTION OF FACTUAL RETURNS AND
FOR ENTRY OF PROTECTIVE ORDERS**

On August 24, 2006, in Response to Petitioner's request that the Court order factual returns and enter the standard protective orders, the government filed a *Memorandum in Opposition* (*Mem. in Opp.*). For all of the reasons submitted by Petitioner in this Reply and in his *Motion for Entry of Protective Order and to Compel Production of Factual Returns* (*Motion*), the Court should order Respondents to provide factual returns and enter the protective orders.

On August 16, 2006, this Court heard argument in this case regarding the matter of "filter" team and procedures. The Court determined that it was prudent to make no rulings outside of the larger questions of District court jurisdiction that is presently on appeal in the DC Circuit. See Memorandum Opinion (August 28, 2006) at 3. Petitioner's Motions, however, are qualitatively different and present the Court with a request to act that is within the well settled

purview of the District Court's authority.

Respondents reassert that the Court has no jurisdiction.  See *Mem in Opp* at 2.  The Respondents appear to have conceded, however, that the original *Habeas* Petition in the above captioned case was filed prior to the enactment of the DTA.  "Respondents note that the above-captioned petition[s], although filed in the district court after the enactment of the Detainee Treatment Act, appear to have been mailed to the court by petitioner's prior to its enactment." *Mem. in Opp* at 3-4.

The Supreme Court has clearly stated that the DTA does not strip the District Court of jurisdiction over pending Petitions like this one.  In these habeas proceedings, Petitioner is challenging his prolonged, indefinite detention as violating his due process rights under the common law and the Fifth Amendment to the Constitution of the United States, as well as procedures established by the Third and Fourth Geneva Conventions and International Humanitarian and Human Rights law, and asserts, as well, that the conditions of his confinement violate the law of nations under the Alien Tort Statute, 28 U.S.C. §1350.  Thus, the relevant provision of the DTA governing Petitioners' claims is section 1005(e)(1).

As the Supreme Court held in its recent decision in Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), section 1005(e)(1) "addresses jurisdiction in *habeas* cases and other actions 'relating to any aspect of the detention.'" Id. at 2767.  Hamdan, which also involved a *habeas* petition that was pending prior to the enactment of the DTA, squarely held "that § 1005(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the DTA's enactment." Id. at 2769 n.15.  This Court has since applied Hamdan in determining that it has jurisdiction to hear and determine *habeas* petitions and related matters brought by Guantánamo detainees.  See Hamoud

v. Bush, No. 05-1894 (RWR), Memorandum Order, p. 1 n.1 (July 5, 2006) (dkt. no. 23) (citing Hamdan as making clear that it has authority over Guantánamo detainee's *habeas* petition and challenge to stay of proceedings).  See also Hamdan, 126 S.Ct. at 2810 (Scalia, J., dissenting opinion) ("the Court today concludes that ... every 'court, justice or judge' before whom such a habeas application was pending on December 30 has jurisdiction to hear, consider, and render judgment on it.").

Respondents argue that, in the alternative, the Court should transfer the Petition to the Court of Appeals under Section 1005(e)(2) of the DTA.  See *Mem. In Opp.* at 2.  However, that provision has no bearing on the claims at issue here.  As the Supreme Court recognized, "subsections (e)(2) and (e)(3) grant jurisdiction only over actions 'to determine the validity of any final decision' of a CSRT or commission."  Hamdan, 126 S. Ct. at 2767.  Thus, a petitioner who is "not contesting any 'final decision' of a CSRT or military commission . . . does not fall within the scope of subsection (e)(2) or (e)(3)."  Id.  Moreover, the Supreme Court explicitly rejected Respondents' argument that section 1005(e)(2) creates an "exclusive review" mechanism in the D.C. Circuit Court of Appeals that precludes Petitioners determined by the CSRT to be enemy combatants from seeking habeas relief in the district courts.  Specifically, the Supreme Court noted, "[t]here is nothing absurd about a scheme under which pending habeas actions—particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed—are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review."  Id. at 2769.

Furthermore, any interpretation of the DTA that would preclude judicial review of

3

Petitioner's constitutional claims would raise substantial constitutional questions. See Hamdan, 126 S. Ct. at 2769 n.15. (noting that construing a statute to "preclude review of a pure question of law by any court would give rise to substantial constitutional questions") (citing I.N.S. v. St. Cyr, 533 U.S. 289, 300 (2001)).

Respondents' attempt to cast Petitioner's claims as nothing more than a challenge to the validity of his CSRT decision subject to the jurisdiction-stripping provision of section 1005(e)(2) fails. As noted, Petitioner does not merely seek to challenge "the validity of" his CSRT determinations but more broadly asserts that there is no legal basis for his detention. Therefore, Respondents cannot rely on the Court's statement in Hamdan that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3)," 126 S. Ct. at 2769 n.14, to apply the jurisdictional stripping provision of Section 1005(e)(2) here. Petitioner's broad statutory and constitutional claims cannot possibly be construed as a challenge to a "final decision" of the CSRT and under no viable construction fall within the purview of sections 1005(e)(2) or (e)(3).[1]

In his *Petition*, Mr. Rumi requested habeas relief. Petitioner now has counsel and is certainly entitled to confer with counsel. See Al Odah v. United States, 346 F.Supp. 2d. 1, 7 (D.D.C. 2004). Petitioner can only do so if the Court enters the protective orders.

In their *Mem. in Opp.*, Respondents request a stay of all proceedings, arguing that this

---

[1] Indeed, the only reason that the CSRT is at all relevant to Petitioner's habeas litigation is that the government has decided to use those transcripts, in general, as factual returns to habeas petitions when ordered by the Court to provide them. Certainly, that government decision does not transform Petitioner's overall challenge to his unlawful detention to a mere appeal of the CSRT's determination.

Court lacks jurisdiction to enter these orders.  Courts of concurrent jurisdiction have specifically rejected the government's argument.  See eg <u>Said v. Bush</u>, Civ. No. 05-2384 (RWR) (D.D.C. May 23, 2006) at *10 ("Allowing Petitioners to meet with their lawyers, however, is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible exclusive jurisdiction."); <u>Khan v. Bush</u>, Civ. No. 05-1491 (JR) (D.D.C. Apr. 12, 2006); <u>Awad v. Bush</u>, Civ. No. 05-2379 (JR) (D.D.C. Apr. 11, 2006); <u>Razakah v. Bush</u>, Civ. No. 05-2370 (EGS) (D.D.C. Mar. 17, 2006); <u>Al Salami v. Bush</u>, Civ. No. 05-2452 (PLF) (D.D.C. Apr. 13, 2006); <u>Al Shareef v. Bush</u>, Civ. No. 05-2458 (RWR) (D.D.C. Apr. 12, 2006); <u>Said v. Bush</u>, Civ. No. 05-2384 (RWR) (D.D.C. Apr. 12, 2006); <u>Alsaaei v. Bush</u>, Civ. No. 05-2369 (RWR) (D.D.C. Apr. 12, 2006); <u>Nasrullah v. Bush</u>, Civ. No. 05-891 (RBW) (D.D.C. June 12, 2006).  In each of these cases, the Court has entered the protective orders in the face of the government's position that it lacks jurisdiction under the DTA.  Petitioner requests that this Court do the same.

WHEREFORE, for all of the foregoing reasons, and for those presented in his *Motion*, Petitioner respectfully requests that this Honorable Court order Respondents to provide factual returns to his Petition for Habeas Corpus and that the Court enter the protective orders.

Respectfully submitted,

/s/Billy H. Nolas

Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: September 7, 2006

Certificate of Service

     I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Ms. Preeya M. Noronha
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001

/s/Billy H. Nolas
Billy H. Nolas

Dated: September 7, 2006