**PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING**

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| **ABBAS ABID RUMI,** | : | |
| Guantanamo Bay Naval Station, | : | |
| Guantanamo Bay, Cuba | : | CIVIL ACTION |
| Petitioner | : | (HABEAS CORPUS) |
| | : | |
| V. | : | |
| | : | No:   06-CV-00619 (RJL) |
| **GEORGE W. BUSH, et. al.** | : | |
| President of the United States | : | |
| The White House | : | JUDGE RICHARD J. LEON |
| 1600 Pennsylvania Avenue, N.W. | : | |
| Washington, D.C. 20500; | : | |
| | : | ELECTRONICALLY FILED |

**PETITIONER'S MOTION FOR APPROVAL
OF LEGAL CORRESPONDENCE**

Counsel for Petitioner seek immediate approval to correspond with their client, and in support aver the following:

1.      On December 12, 2005, Petitioner delivered to the authorities at Guantanamo for mailing to this Court his request for habeas corpus relief ("*Pro Se* Habeas").  This Petition was docketed by the Court on April 3, 2006.

2.      Counsel filed a notice of appearance on August 8, 2006, and on August 9, Petitioner amended his Petition for Habeas Corpus.  On August 10, 2006, Petitioner filed a motion for the entry of the standard protective order.  Respondents opposed the entry of the protective order and the Court has yet to rule on the motion.

3.     In his *pro se* habeas petition, Petitioner requested that the court "review the authority" under which he has "been detained at Guantanamo Prison."  *Pro se* Petition.

4.     Petitioner is represented by attorneys but has never met with them. Petitioner has not been able to receive any correspondence from his attorneys and, in fact, does not even know that he is represented.

5.     Counsel requested that the Court enter the protective order over five months ago, so that counsel can communicate with Petitioner in accordance with the stipulated established protocol represented by the standard protective order.  As of the date of this filing, the Court has yet to rule on that motion.[1]  Because there is no prejudice to Respondents as a result of allowing Petitioner's counsel to communicate with him, this Court should immediately enter the protective order.  At the very least, the Court should forthwith enter an order permitting counsel to correspond through legal mail with Petitioner.

6.     An attorney has an absolute duty to confer with his or her client.  This duty has always been recognized by the courts of this country.  In 1879, the United States Supreme Court stated, "[i]t is the duty of an attorney to advise the client promptly whenever he has any information to give which it is important the client should receive."  Baker v. Humphrey, 101 U.S. 494, 500 (1879).  See also Strickland v. Washington, 466 U.S. 668, 688 (1984) (counsel has a duty to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution.").

7.     Counsel cannot fulfill his constitutional duty to his client if he is not permitted to

---

[1]Included in the motion for entry of the protective orders was a motion for production of factual returns.  The Court has also not taken any action on that motion.

communicate with his client.  Regardless of the outcome of the jurisdictional questions that are

being considered by the Court of Appeals, Petitioner has the right to consult with his counsel.

Security cleared counsel respectfully request that the Court permit correspondence through the

legal mail system set up in the Guantanamo cases.  Counsel will adhere to the proscriptions of

the standard protective orders in place in other cases.

WHEREFORE, for all of the foregoing reasons, Petitioner respectfully requests that this

Honorable Court enter the protective order or order Respondents to accept legal correspondence

from his counsel, and convey said correspondence to Petitioner in accordance with the

procedures set forth in the standard protective orders.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Matthew Lawry (PA 87221)
Shawn Nolan (PA 56535)
Brett Sweitzer (PA 82601)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

</div>

Dated:  February 1, 2007

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Terry Henry
Judry Laeb Subar
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Billy H. Nolas
Billy H. Nolas


Dated:  February 1, 2007