IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABBAS ABID RUMI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV0619 (RJL) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## STATUS REPORT

Pursuant to this Court's Order of July 15, 2008, undersigned counsel for the respondents states the following status of this case:

1) <u>Petitioner.</u>  The petition for a writ of habeas corpus initiating this case was filed on April 3, 2006, on behalf of the petitioner who was purportedly detained at Guantanamo Bay, Cuba.

    a) A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined petitioner Abbas Abid Rumi, a national of Iraq identified by Internment Serial Number ("ISN") 758, to be an enemy combatant, and he is detained at Guantanamo Bay. He has been approved for release or transfer from United States custody once a destination country offering suitable assurances is identified. For reasons of which this Court is aware, *see, e.g.*, *Mammar v. Bush*, Civ. A. No. 05-0573, dkt. no. 7 (May 3, 2005) (order denying petitioner's motion for preliminary injunction); *see also In re Guantanamo Bay Detainee Litigation*, Misc. No. 05-442, dkt. no. 40 (July 9, 2008) (opposition to motion for advanced notice of transfer from Guantanamo Bay in light of *Boumediene*), providing further specific

information about the circumstances and timing of any potential release or transfer would not be appropriate because those matters are the subject of delicate and ongoing negotiations between the United States and foreign governments.

        b)       Abbas Abid Rumi (ISN 758) does not have any duplicate petitions pending.

        c)       The petitioner in this case has not been charged with war crimes under the Military Commissions Act of 2006 ("MCA").

    2)      <u>History Surrounding Detention.</u>  Without prejudice to respondents' submission of appropriate factual returns as discussed in ¶ 6 *infra*, respondents provide the following facts collected by the Department of Defense surrounding the petitioner's detention.  ISN 758, Rumi, joined and trained with the Taliban, and was involved in several military missions involving al-Qaeda.

    3)      <u>Procedural Posture.</u>  On April 19, 2007, respondents moved to dismiss this case for want of jurisdiction under the MCA, and that motion remains pending.  However, *Boumediene v. Bush*, ___U.S.___, 128 S. Ct. 2229 (June 12, 2008), renders moot the respondents' argument.  The respondents are not aware of any other pending motions that are ripe for decision.

    4)      <u>Protective Order.</u>  Neither a protective order nor a stay has been entered in this case. Respondents would not object to entry of the protective order—that is, (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation Procedures for "Protected Information," first issued

on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. The respondents do not anticipate seeking changes to the order, except for those proposed by the Court Security Officers, for example to modify the filing procedures and authorize electronic filing. In the event that the petitioners seek to modify the order, however, the respondents reserve their right also to propose substantive modifications.

     5)     <u>CSRT Records.</u>  The petitioner listed in ¶ 1(a) above has been determined to be an enemy combatant by a CSRT. Summaries of the unclassified evidence before the CSRT justifying each petitioner's detention is available to counsel and the public at http://www.dod.mil/pubs/foi/detainees/csrt_arb/index.html. Respondents should not be required at this time to provide to counsel CSRT records pertaining to the petitioner listed in ¶ 1(a), who has been cleared for release or transfer; rather, cases pertaining to such petitioners should proceed on a separate litigation track.

     6)     <u>Factual Return.</u>  A factual return has not been filed with respect to the petitioner in this case. Respondents should not be required at this time to provide to counsel a factual review pertaining to the petitioner listed in ¶ 1(a), who has been cleared for release or transfer; rather, cases pertaining to such petitioners should proceed on a separate litigation track.

     At the July 10, 2008 status conference, counsel for petitioners in this and related habeas corpus cases indicated that they intend to argue that the factual return submitted in these cases should consist only of the complete CSRT record. There is no basis in the law for restricting or otherwise limiting the material that the government may put forward as a factual return. *See, e.g.*, 28 U.S.C. § 2243 (stating only that the respondent "shall make a return certifying the true

cause of the detention"). The petitioners' contrary argument would have this Court prohibit the government from presenting factual returns containing contemporaneous or subsequently-discovered information that was not presented to the CSRT, absent the government's showing of cause. That argument would also require the respondents to include in their factual return material on which the respondents might determine not to rely in arguing that a given petitioner is an enemy combatant. To the extent that this Court is considering such a position, the issue is a common one that should be briefed and argued as discussed below.[1]

      7)    <u>Common Issues.</u> Certain issues are common to all of the petitions related to Guantanamo Bay detainees pending before this Court. The resolution of such issues is crucial because it will establish the framework under which the parties and the Court address this unprecedented situation. The respondents urge this Court to order briefing and oral argument on those matters. In addition to petitioners' anticipated argument regarding the filing of factual returns discussed above, the respondents offer the following non-exhaustive list of common questions that would benefit from early decision:

      a)    *How are the habeas proceedings to be structured, including the presentation of the return and the filing and composition of the petitioners' traverse, if any?*

      b)    *What is the legal authority for detention in these cases?*

---

[1] Suffice to say for this report, however, that the proposition that a factual return should be limited to the CSRT record is faulty in several ways. For example, the proposition not only requires this Court to adopt an extreme view of the limitations that habeas courts may place on actions constitutionally committed to the Executive, but the exclusion of subsequently-gained information would presumably apply to newly obtained evidence that undercuts the government's justification for detention as well as information supporting the detention, else it fails as a matter of logic. Such a course would hardly benefit the petitioners.

        c)     *What is the burden of proof for establishing that detention is lawful? Which party bears the burden at different stages of the proceeding?*

        d)     *May the parties introduce and rely on hearsay evidence?*

        e)     *What is the standard for obtaining an evidentiary hearing, if any?*

        f)     *What is the availability of confrontation and compulsion rights, if any?*

        g)     *Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?*

        h)     *Will the Court structure motions practice, especially related to collateral issues, in a manner that will help resolve these cases in an expeditious fashion?*

        i)     *How should consideration of these petitioners' challenges be sequenced, within this case and within the overall Guantanamo Bay habeas litigation pending before this Court? Should priority be given to petitioners who have not been cleared for release or transfer from Guantanamo Bay? Should the habeas case for a detainee pending trial by military commission be stayed or held in abeyance?*

        8)     <u>Attendance of Counsel for Respondents at July 23, 2008 Status Conference.</u> Given the array of issues, both legal and factual, presented in habeas cases like this one, the respondents respectfully request that one additional attorney be allowed to represent the government at the July 23, 2008 status conference, for a total of three counsel participants for the respondents.

Dated: July 18, 2008                            Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /s/Edward J. Martin
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
EDWARD J. MARTIN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C.  20530
Tel:  (202) 305-0449
Fax:  (202) 616-8470

Attorneys for Respondents