IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| **ABBAS ABID RUMI,** Guantanamo Bay Naval Station, Petitioner | (HABEAS CORPUS) |
| V. | No:  06-CV-00619 (RJL) |
| **GEORGE W. BUSH, et. al.** President of the United States The White House 1600 Pennsylvania Avenue, N.W. Washington, D.C. 20500; | JUDGE RICHARD J. LEON |

---

**STATUS REPORT**

---

Petitioner, Abas Abid Rumi, through undersigned counsel, hereby submits this status report pursuant to this Court's July 15, 2008 order. The report is structured in categories consistent with the Court's order. Mr. Rumi is currently held in Guantanamo Bay, where he has been incarcerated since October, 2002.

    A.    **Administrative Issues Particular to this Case**

**Protective Order.** No habeas protective order has been entered in this case. The government has agreed that the standard protective order can be implemented at this time. Petitioner requests that the Court grant his motion in this regard, which was filed on August 10, 2006.

    B.    **The Court Should Lift the Stay**

On March 7, 2007, this Court stayed Mr. Rumi's habeas proceedings pending resolution of all appeals in <u>Khalid v. Bush et al.</u>, 355 F.Supp. 2d 311 (D.D.C. 2005), <u>appeals docketed sub nom.</u>, <u>Boumediene v. Bush et al.</u>, Nos. 05-5062, 05-5063 (D.C. Cir. March 3, 2005) and <u>In re Guantanamo</u>

Detainee Cases, 355 F.Supp. 2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al. (D.D. Cir. March 7, 2005). The stay was based on the Court of Appeals' ruling that the Court lacks jurisdiction because of the passage of the DTA. See Boumediene v. Bush, 476 F.3d. 981 (C.A.D.C. 2007).

On June 12, 2008, the Supreme Court reversed the decision of the Court of Appeals, ruling that prisoners at Guantanamo have *habeas corpus* rights protected under the U.S. Constitution; the review procedures of the Detainee Treatment Act are not an adequate substitute for *habeas corpus*; and the Military Commissions Act, insofar as it purported to strip the courts of *habeas corpus* jurisdiction, was unconstitutional. Boumediene v. Bush, 128 S.Ct. 2229 (2008). In so ruling, the Court made clear that the "detainees in these cases are entitled to a prompt habeas corpus hearing." Id. at 2275. Since the basis for the stay no longer exists, it should be vacated forthwith.

   C.   **Factual History**

Mr. Rumi is an Iraqi national, who deserted the army of Saddam Hussein in March, 1989, after witnessing chemical attacks against Iranian forces in Mahran. As a result of his desertion, he was a man without a country, moving from place to place in the Middle East and often being detained for having no papers or legal status. His repeated requests for asylum in various countries were continually denied.

In January, 2002, Mr. Rumi was detained in Pakistan, turned over to Pakistani intelligence forces and, upon information and belief, was eventually sold for bounty to the American forces. He arrived at Guantanamo in October, 2002.[1]

---

[1] Counsel believes that Mr. Rumi had a Combatant Status Review Tribunal hearing in October, 2005 and an Administrative Review Board hearing in October, 2006.

### D. Petitioner is "Eligible for Transfer"

According to an email received by undersigned counsel on February 22, 2007, Petitioner is eligible for transfer. See Email from David N. Cooper to Cristi Charpentier and Shawn Nolan ("DOD Email"), Attached as Exhibit 1. Since that time, counsel has received no additional information regarding Mr. Rumi's status.

Having received no information from Respondents, Petitioner's counsel have been involved in diplomatic efforts to help effect the release of Mr. Rumi. We have met with the Iraqi Ambassador and have had numerous conversations with his staff. It is our understanding that the Ambassador is currently attempting to get approval to visit the Iraqi men held at Guantanamo, and has made efforts with the State Department to offer assistance in helping to secure the release of his countrymen.

Unfortunately, none of these diplomatic efforts have yet yielded any results in terms of attaining the release of Mr. Rumi.[2]

### E. Duplicate Petitions

There are no duplicate petitions.

### F. Military Commissions Act

Petitioner has not been charged with war crimes.

### G. Pending Motions

On August 10, 2006, Petitioner filed a *Motion to Compel the Production of Factual Returns*

---

[2] It should be noted that Mr. Rumi's status as "eligible for transfer" in no way negates the need for habeas. Indeed, it increases this need, as he continues to be held almost a year and a half after counsel received this notice. Moreover, in the email, the Defense department plainly states that "such a decision does not equate to a determination that [Mr. Rumi] is not an enemy combatant." See DOD Email.

*and for Entry of the Protective Orders*. Petitioner requests that the Court grant this motion. As stated above, counsel for the government has indicated that they have no objection to the entry of the protective order.

On June 20, 2008, Petitioner filed a *Motion to Lift Stay of Proceedings, Order the Government to Provide Factual Return and Set a Scheduling Conference*. On June 23, 2008, Respondents filed a *Memorandum in Opposition*. Petitioner requests that the Court grant this motion at this time.

### H.    Factual Return

No factual returns have ever been provided.[3] Undersigned counsel have requested returns in a formal motion filed with this Court on August 10, 2006. On July 14, 2008, counsel requested via email, that government information regarding the detention of Mr. Rumi be provided as soon as possible and prior to the status conference scheduled for July 23. Undersigned security-cleared counsel, Nolan, indicated in that email request that he is available between the time of the request and the status conference to review classified materials in the secure facility. On July 17, counsel followed up that request with a phone message to lead counsel for respondents, Judry Subar. On July 18, the date of this filing, counsel conferred with Edward Martin, counsel with the Justice Department, and was informed that no classified information would be furnished prior to the status conference.[4]

### I.    Discovery

---

[3] Counsel have, however, been able to secure unclassified versions of Mr. Rumi's CSRT and ARB proceedings through the Associated Press.

[4] Counsel are scheduled to meet with Mr. Rumi at the base on July 31.

The Court has requested that counsel address the issue of discovery in this status report. Without access to a factual return, it is impossible to determine what discovery is appropriate and necessary. Petitioner requests that he be permitted to file a motion for discovery, if appropriate, following the review of classified factual returns.[5]

### J.     Collateral Issues

At this time, there are no identifiable collateral issues.

### K.     Common Issues

Petitioner agrees that issues regarding the five following areas are likely to be common to all detainees: the scope and application of the protective order, problems with visitation of clients, the speed and availability of the processing of additional security clearance, conditions of confinement, and the scope and burdens of proof at habeas hearings.[6]

---

[5] In addition, since Petitioner is apparently eligible for transfer out of Guantanamo, he is certainly entitled to a record of the proceedings that resulted in this decision.

[6] Counsel notes that on April 25, 2007, Petitioner filed a petition for relief pursuant to the Detainee Treatment Act in the Court of Appeals. Pursuant to that litigation, a protective order was entered that allowed communication and consultation with Mr. Rumi. That action is pending.

## CONCLUSION

Petitioner is eligible for transfer from Guantanamo. Almost a year and a half has passed since that time, and there appears to be no movement on his release. It is for this reason that habeas is so essential. We ask the Court to address this issue at the status conference.

                                        Respectfully submitted,

                                        /s/Billy H. Nolas
                                        Billy H. Nolas (DC 399275; PA 83177)
                                        Assistant Federal Defender
                                        Maureen Rowley (PA 33020)
                                        Chief Federal Defender
                                        Matthew Lawry (PA 87221)
                                        Shawn Nolan (PA 56535)
                                        Mark Wilson (PA 26887)
                                        Assistant Federal Defenders
                                        Federal Community Defender Office for the
                                        Eastern District of Pennsylvania
                                        601 Walnut Street, Suite 545 West
                                        Philadelphia, PA 19106
                                        (215) 928-0520; (215) 928-1100

Dated: July 18, 2008

Certificate of Service

    I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel for Respondents through the ECF filing system:

Mr. Terry Henry
Mr. Judry Subar
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Billy H. Nolas
Billy H. Nolas


Dated: July 18, 2008