IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

_____
                                            :
**ABBAS ABID RUMI,**                        :
Guantanamo Bay Naval Station,               :
    Petitioner              :   (HABEAS CORPUS)
                                            :
    V.                       :
                                            :   No:   06-CV-00619 (RJL)
**GEORGE W. BUSH, et. al.**                 :
    President of the United States :
    The White House          :   JUDGE RICHARD J. LEON
    1600 Pennsylvania Avenue, N.W. :
    Washington, D.C. 20500;  :
                                            :
_____

**PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION
TO DISMISS IMPROPER RESPONDENTS**
_____

Petitioner, Abbas Abid Rumi, through undersigned counsel, opposes the *Government's Motion to Dismiss Improper Respondents* ("Government Motion"). For the following reasons, Petitioner requests that the Court deny the motion to dismiss the President and Petitioner's immediate custodians at Guantanamo Bay as Respondents.

**Argument**

**I.   The President is a Proper Respondent.**

The Government claims that the President is an improper respondent because "courts lack jurisdiction to compel the President to perform official acts." Government Motion at 3. However, the Supreme Court has noted that the President "is subject to judicial process in appropriate circumstances." *Clinton v. Jones*, 520 U.S. 681, 703 (1997). In *Jones*, the Court discussed multiple instances where sitting Presidents were compelled to comply with court

orders. *Id*. at 705. For example, President Nixon produced tapes in response to a subpoena. *Id*. (citing *United States v. Nixon*, 418 U.S. 683, 715 (1974). President Ford complied with an order to give a deposition in a criminal trial. *Id*. (citing *United States v. Fromme,* 405 F.Supp. 578 (E.D.Cal.1975). President Clinton gave videotaped testimony in criminal proceedings. *Id*. (citing *United States v. McDougal,* 934 F.Supp. 296 (E.D.Ark.1996); *United States v. Branscum,* No. LRP-CR-96-49 (E.D. Ark., June 7, 1996)). As the Supreme Court explained in *Jones:*

> Although Thomas Jefferson apparently thought otherwise, Chief Justice Marshall, when presiding in the treason trial of Aaron Burr, ruled that a subpoena duces tecum could be directed to the President. *United States v. Burr,* 25 F. Cas. 30 (No. 14,692d) (C.C.Va. 1807). We unequivocally and emphatically endorsed Marshall's position when we held that President Nixon was obligated to comply with a subpoena commanding him to produce certain tape recordings of his conversations with his aides.

520 U.S. at 703-04 (footnote omitted). The Court noted that: "[s]itting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty." *Clinton v. Jones*, 520 U.S. at 704; *see also id*. at 705 ("In sum, '[i]t is settled law that the separation-of-powers doctrine does not bar every exercise of jurisdiction over the President of the United States.'") (brackets in original) (citation omitted).

The Government relies upon a case dating back to 1867 for the proposition that courts have "no jurisdiction . . . to enjoin the President in the performance of his official duties." Government Motion at 2 (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498-499 (1867)). However, the Court of Appeals for the District of Columbia Circuit has twice interpreted *Mississippi v. Johnson* much more narrowly than the reading suggested by Respondents. In *National Treasury Employees*

*Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir. 1974), the appeals court observed that *Mississippi v. Johnson* actually turned on a finding that the case presented a nonjusticiable political question. The court in *National Treasury* held that *Mississippi v. Johnson* did not bar a Court from issuing a writ of mandamus to the President to effectuate a pay raise owed to certain federal employees (although the Court did not formally issue the writ). In *Nixon v. Sirica,* 487 F.2d 700 (D.C. Cir. 1973), the Court read *Mississippi v. Johnson* to mean merely that the President could not be enjoined to "coerce a discretionary, as opposed to ministerial, act of the Executive." *Id*. at 712 n.53.

The Government also cites *Franklin v. Massachusetts*, 505 U.S. 788 (1992), a case that merely questioned the judiciary's authority to issue an injunction against the President, without deciding the question. *See id*. at 802-03. This is certainly not controlling authority.

Moreover, the President is also a proper respondent, since it is pursuant to the exercise of his executive power that Petitioner is held. Respondents have repeatedly claimed that the authority to detain Mr. Rumi arises from the President's Article II powers, and the President's authority to use all necessary and appropriate force under the Authorization for Use of Military force, 115 Stat. 224 (2001). If it is pursuant to the President's inherent power (and that authorized by Congress) that Petitioner is held, surely the President is an appropriate party.

Moreover, if the President is dismissed, then the government can evade this Court's authority simply by transferring the detainee from the custody of the Department of Defense (DoD) to the Central Intelligence Agency (CIA), or to the Department of Justice (DoJ), or to other agencies unknown to Petitioner. A number of detainees were previously transferred from CIA custody to DoD and are currently detained at Guantanamo. At least one terrorism suspect was transferred from the DoJ to DoD when the government found it convenient to do so. *See Al-Marri* v. *Pucciarelli*, ___

F.3d ___, 2008 W.L. 2736787, at *3-4 (4th Cir. July 15, 2008) (en banc) (noting Government's dismissal of indictment during criminal proceedings against defendant and order signed by the President transferring defendant to military custody). And at least one terrorism suspect was transferred from DoD to DoJ, also at the government's convenience, and to the great consternation of one federal Court of Appeals. *See Padilla* v. *Hanft*, 432 F.3d 582 (4th Cir. 2005) (denying Government's motion to transfer military detainee to civilian authorities for trial, after Court had previously given government authority to hold the detainee in military custody), *rev'd*, 546 U.S. 1084 (2006). Accordingly, inter-agency transfer in these cases is a real concern.[1]

It is on the executive authority of the President, that Petitioner has been held in Guantanamo Bay, with no charges lodged against him, for over six years. The President is the proper party opponent for this *Habeas* litigation.

II.     **The Commanders of JTF-Guantanamo are the Immediate Custodians of Petitioner and are Proper Parties to this Litigation.**

Respondents have argued that other respondents named within the chain of command of the Department of Defense are "superfluous and should be dismissed." Government Motion at 6. Petitioner disagrees.

The named Respondents, in their official capacity, can afford Petitioner the relief he seeks -- release from continued detention. Habeas petitions always name the immediate custodian, typically the warden of the prison, as a party respondent. In this context, according to the Supreme Court in *Padilla*, 542 U.S. 426, the immediate custodian -- which would be the individual running the Guantanamo Bay facility -- is the only proper respondent. *See id*. at 436 ( noting that under the

---

[1] This is not to say that Petitioner has named the President as his *future* custodian; the President is very much the current custodian and therefore is properly named as a respondent.

"immediate custodian rule . . . Commander Marr--the equivalent of the warden at the military brig--is the proper respondent, not Secretary Rumsfeld"). In *Padilla*, the Court reasoned:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.

*Id*. at 434-435. *Padilla* actually rejected the Petitioner's "legal reality of control" argument (which appears strikingly similar to the Government's argument here that only Mr. Gates has "legal control"), concluding that Secretary Rumsfeld, although he exercised the "legal reality of control" was <u>not</u> a proper Respondent. *Id*. at 439. Thus, under *Padilla*, Petitioner must, at a minimum, name his immediate physical custodians or risk dismissal of his Petition.

The Government contends that *Padilla* recognized an exception to the immediate custodian rule "in cases of extraterritorial detentions to include supervisory officials up to, and including, the Secretary of Defense." Government Motion at 6 (citing *Padilla*, 542 U.S. at 436 n.9). In this particular passage of *Padilla*, the Court noted in dicta:

> We have long implicitly recognized an exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court. *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 498, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (discussing the exception); *United States ex rel. Toth v. Quarles,* 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955) (court-martial convict detained in Korea named Secretary of the Air Force as respondent); *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953) (court-martial convicts detained in Guam named Secretary of Defense as respondent).

542 U.S. at 436 n.9. Contrary to the Government's suggestion that this footnote limited available Respondents, *Padilla* does not note who the proper respondent should be. It simply cites cases where a variety of different people were named as respondents, including the Attorney General, the

5

Secretary of the Air Force and the Secretary of Defense. *See id*. at 436 n.9.

Under normal circumstances, an "exception to the immediate custodian and district of confinement ruled [exists] 'where an American citizen is detained outside the territorial jurisdiction of any district court.'" *Geherebi v. Bush*, 374 F.3d 727, 738 (9th cir. 2004) (quoting *Padilla* at 436 n. 9). At this point, the question of whether this exception to the immediate custodian rule applies is an open one. However, in *Rasul v. Bush*, 542 U.S. 466 (2004), the Court rejected the Government's argument that a "presumption against extraterritorial[] application of law" applied to defeat habeas jurisdiction. The Court found that such a presumption "certainly has no application to the operation of the habeas statute with respect to persons detained within 'the territorial jurisdiction' of the United States." *Id.* at 480. The Court in *Rasul* concluded that the Naval Base at Guantanamo Bay was not an "extraterritorial" location, thus subject matter jurisdiction over aliens detained there could be exercised. *Id*.at 480.[2] Thus, it appears that the exception to the immediate custodian rule would not apply.

In any event, in order to preserve his rights, Petitioner objects to the dismissal of any of the current party respondents and requests that this Court deny the Government Motion.

---

[2]In *Rasul*, the first named Respondent was the President. There was no suggestion that he was not a proper respondent. *See generally id*.

## CONCLUSION

For the reasons stated, Petitioner requests that the Court deny the motion to dismiss the President as a respondent in this habeas action.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
Matthew Lawry (PA 87221)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated:      August 25, 2008

Certificate of Service

    I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel for Respondents through the ECF filing system:

Mr. Terry Henry
Mr. Edward Martin
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Shawn Nolan
Shawn Nolan


Dated: August 25, 2008